# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTONIO LING,**

       **Petitioner,**

**vs.**                                    **Case No. 4:12cv649-MW/CAS**

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,**[1]

       **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY
## SECOND AMENDED § 2254 PETITION

On December 18, 2012, Petitioner Antonio Ling, proceeding pro se, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After

direction by this Court, Petitioner subsequently, on February 18, 2013, filed an amended

§ 2254 petition. ECF No. 8. Petitioner then filed, on March 13, 2013, a second

amended § 2254 petition, with attached exhibits. ECF No. 9. On September 10, 2013,

Respondent filed an answer, with exhibits. ECF No. 15. Petitioner has not filed a reply,

although given the opportunity to do so. *See* ECF No. 14.

---

[1]The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida
Department of Corrections in place of Michael D. Crews. Julie Jones became Secretary
on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of
Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for

report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has

determined that no evidentiary hearing is required for disposition of this matter.  *See*

Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the

pleadings and attachments before the Court show that Petitioner is not entitled to

federal habeas relief, and the second amended § 2254 petition should be denied.

## State Court Proceedings

By amended information filed February 22, 2006, in case number 04-CF-3728A5

in the Second Judicial Circuit, Leon County, the State of Florida charged Petitioner

Antonio Ling with ten counts, in connection with events that took place between

September 22, 2004, and October 21, 2004.  ECF No. 15 Ex. C at 4-5; *see id.* at 2-3

(initial information filed November 8, 2004).[2]  On July 30, 2007, Ling proceeded to a jury

trial on Count V, sale or possession of cocaine with intent to sell within 1,000 feet of a

convenience store, a first degree felony, contrary to section 893.13(1)(e)1., Florida

Statutes.  *Id.* at 5; Ex. D (transcript of jury trial).  The jury found him guilty as charged.

Ex. C at 187; Ex. D at 224.  In a judgment and sentence rendered August 17, 2007, the

state trial court adjudicated Ling guilty and sentenced him to ten (10) years in prison,

---

[2]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 15.

followed by five (5) years of probation, with credit for 1,030 days served.  Ex. C at 189-97, 204-09.[3]

Ling appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D07-4339, and his attorney filed an initial brief raising five points.  Ex. M.  The State filed an answer brief.  Ex. N.  Ling filed a reply brief.  Ex. O.  On October 14, 2009, the First DCA per curiam affirmed the case without a written opinion.  Ex. P; Ling v. State, 22 So. 3d 73 (Fla. 1st DCA 2009) (table).  The mandate issued November 10, 2009.  Ex. Q.

Relevant to this § 2254 proceeding, on January 20, 2010, Ling filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. S at 31-59.  The state trial court summarily denied the motion on May 13, 2010.  *Id.* at 60-66.  Ling appealed to the First DCA, assigned case number 1D10-3753, and he filed an initial brief.  Ex. T.  The First DCA per curiam affirmed the case without an opinion on October 13, 2010.  Ex. V; *see* Ling v. State, 51 So. 3d 467 (Fla. 1st DCA 2010).  The mandate issued February 1, 2011.  Ex. Y.

On April 27, 2011, Ling filed a petition in the First DCA alleging ineffective assistance of appellate counsel.  Ex. AA.  The First DCA denied the petition on the merits on May 27, 2011.  Ex. BB; Ling v. State, 65 So. 3d 51 (Fla. 1st DCA 2011).  Ling

---

[3]Ling proceeded to a jury trial on Counts I, II, VII, VIII, IX, and X on February 20 and 21, 2008.  He also has pending in this Court a § 2254 petition for writ of habeas corpus concerning his convictions and sentences on those counts, assigned case number 4:13cv84-MW/CAS.

moved for rehearing and rehearing en banc, Ex. CC, which the First DCA denied on July 13, 2011, Ex. DD.

On July 14, 2011, Ling filed another Rule 3.850 motion in the state trial court. Ex. FF at 1-22. That court summarily denied the motion on August 22, 2011. Ex. FF at 23-57. Ling appealed to the First DCA, and the First DCA per curiam affirmed the case without an opinion on January 9, 2012. Ex. GG; Ling v. State, 77 So. 3d 1260 (Fla. 1st DCA 2012). The mandate issued February 6, 2012. Ex. HH.

On March 8, 2012, Ling filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) and a motion to vacate, set aside, or dismiss. Ex. JJ at 1-17, 18-21. In an order rendered August 10, 2012, the state court denied both motions. *Id.* at 28-33. Ling appealed to the First DCA. That court per curiam affirmed the case without an opinion on November 29, 2012. Ex. MM; Ling v. State, 103 So. 2d 149 (Fla. 2012). The mandate issued December 27, 2012. Ex. NN.

As indicated above, on December 18, 2012, Ling filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. He ultimately filed a second amended § 2254 petition, with attached exhibits. ECF No. 9. He raises four grounds, including one alleging ineffective assistance of counsel (IAC):

> (1) The state trial court erred by denying Ling's motion for judgment of acquittal because the State failed to exclude the reasonable hypothesis of innocence that the offense took place more than 1,000 feet from a convenience store. *Id.* at 5.
>
> (2) The scoring of Ling's previous conviction on his Criminal Punishment Code scoresheet violated his Sixth Amendment right to a trial by jury and the right to a trial by jury in Article I, Sections 16 and 22 of the Florida Constitution, where the amended information is silent regarding any prior

crimes for which Ling was convicted and the jury did not find beyond a reasonable doubt that he had previously been convicted of any crimes. *Id.* at 6.

(3) IAC – Trial counsel failed to object to an audiotape that was introduced at trial as evidence where the tape was never given to the defense as required by Florida Rule of Criminal Procedure 3.220. *Id.* at 8.

(4) The trial court illegally and unlawfully sentenced Ling for charges made against him in violation of his state and federal constitutional rights to due process where neither the original nor the amended information charged a crime against Ling as his name was not listed within the body of each individual count. *Id.* at 10.

Respondent has filed an answer and exhibits. ECF No. 15. Ling has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 14.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Gill v. Mecusker</u>, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated

on the merits in State court proceedings,' § 2254(d), an additional restriction applies."

Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant

relief unless the state court's adjudication of the claim:  (1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).   "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131

S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford

v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that

was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct.

at 1388.

Also relevant here, in Strickland v. Washington, the U.S. Supreme Court adopted

a two-part test for IAC claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

466 U.S. 668, 687 (1984).  To demonstrate ineffectiveness, a "defendant must show

that counsel's performance fell below an objective standard of reasonableness."  *Id.* at

688.  To demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."  *Id.* at 694.  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes,

importantly, "[t]he question 'is not whether a federal court believes the state court's

determination' under the <u>Strickland</u> standard 'was incorrect but whether that

determination was unreasonable – a substantially higher threshold.'"  <u>Knowles v.

Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schiro v. Landrigan</u>, 550 U.S. 465, 473

(2007)).  "And, because the <u>Strickland</u> standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not satisfied that

standard."  *Id.*  It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim

evaluated under the § 2254(d)(1) standard."  *Id.*

### <u>Ground 1</u>: Denial of Motion for Judgment of Acquittal

In his first ground, Petitioner Ling asserts the state trial court erred in denying his

motion for judgment of acquittal because the State failed to exclude a reasonable

hypothesis of innocence that the offense took place more than 1,000 feet from a

convenience store.  ECF No. 9 at 5.  As Respondent points out, this ground is not

cognizable in a federal habeas proceeding.

Specifically, by presenting this ground as one based on Florida's "circumstantial

evidence rule," which requires exclusion of a reasonable hypothesis of innocence, Ling

has presented a Florida state law claim – not one to be considered on federal habeas

review.  *See, e.g.*, <u>Davis v. State</u>, 703 So. 2d 1055, 1059 (Fla. 1997) ("When the state

relies upon purely circumstantial evidence to convict an accused, we have always

required that the evidence be not only consistent with the defendant's guilt but also be

inconsistent with any reasonable hypothesis of innocence."). "[F]ederal habeas corpus

relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990);

see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining errors that do not infringe

on defendant's constitutional rights provide no basis for federal habeas corpus relief).

"A state's interpretation of its own laws or rules provides no basis for federal habeas

corpus relief, since no question of a constitutional nature is involved." Carrizales v.

Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); accord, e.g., McCullough v.

Singletary, 967 F.2d 530, 535 (11th Cir. 1992).

Further, even if presented as a federal claim here, it was not presented as a

federal claim in state court and, thus, is unexhausted and procedurally defaulted. See

Ex. D at 168. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal

court may grant habeas relief to a state prisoner, the prisoner must exhaust his

remedies in state court."); Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("[I]f state court

remedies are no longer available, . . . those remedies are technically exhausted, . . . but

exhaustion in this sense does not automatically entitle the habeas petitioner to litigate

his or her claims in federal court; instead, if the petitioner procedurally defaulted those

claims, the prisoner generally is barred from asserting those claims in a federal habeas

proceeding."). See also, e.g., McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir.

2005) (explaining exhaustion requirement: "[T]o ensure that state courts have the first

opportunity to hear all claims, federal courts have required a state prisoner to present

the state courts with the same claim he urges upon the federal courts."); <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."); <u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010) (explaining "[a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation" or if fundamental miscarriage of justice exists because "'a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986))).  Petitioner has not demonstrated cause and prejudice for the default.

Moreover, even assuming Ling has presented and exhausted this as a federal claim, or shown cause and prejudice for any default, the ground lacks merit.  The State presented sufficient evidence and testimony, viewed in a light most favorable to the prosecution, such that the jury could have found Ling guilty beyond a reasonable doubt. *See* <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1172 (11th Cir. 2001) (explaining that, in federal habeas review of sufficiency of state evidence, "[t]he question we ask is very limited: whether after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the petitioner guilty beyond a reasonable doubt" and "[a]lthough each element of the offense but be established beyond a reasonable doubt . . . the State is not required to rule out every hypothesis except that of the guilt of the defendant" and, further, "federal courts must defer to the

judgment of the jury in assigning credibility to the witnesses and in weighing the evidence"); U.S. v. Herrera, 931 F.2d 761, 763 (11th Cir. 1991) ("It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt."). *See also* § 893.13(1)(e)1., Fla. Stat.; Ex. D at 107-08, 124 (testimony of confidential informant that, in controlled buy, Ling gave her cocaine in exchange for $700, while they were in a car near gas station convenience store); 144-47 (testimony of law enforcement investigator identifying Ling as person who picked up confidential informant in car in store parking lot, drove with her to gas station, and then returned her to parking lot, during controlled buy). Notably, the State's case was not entirely circumstantial evidence; it included eyewitness testimony of the informant who identified Ling as the one who sold her cocaine in the controlled buy. Ex. D at 107-08.

Based on the foregoing, Ling has not shown the state court's ruling denying his motion for judgment of acquittal was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See id.*; 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

## Ground 2: Criminal Punishment Scoresheet

In his second ground, Ling asserts the scoring of his previous conviction on his Criminal Punishment Code scoresheet violated his Sixth Amendment right to a trial by jury and the right to a trial by jury in Article I, Sections 16 and 22 of the Florida

Constitution, where the amended information is silent regarding any prior crimes for which Ling was convicted and the jury did not find beyond a reasonable doubt that he had previously been convicted of any crimes.  ECF No. 9 at 6.  Ling raised this as the fifth point in his direct appeal.  Ex. M at iii, 25-37.  The First DCA affirmed without an opinion.  This ruling is entitled to AEDPA deference and review is limited to the record before the state court.  *See* 28 U.S.C. § 2254(d); <u>Cullen</u>, 131 S. Ct. at 1402; <u>Richter</u>, 131 S. Ct. at 784-85; <u>Wright</u>, 278 F.3d at 1255.

As Respondent explains, express language in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), refutes Ling's argument.  There, the U.S. Supreme Court held: "<u>Other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u>, 530 U.S. at 490 (emphasis added).

Ling has not shown the state court's rejection of this claim was contrary to or an unreasonable application of clearly established federal law either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

### <u>Ground 3</u>: IAC – Failure to Object to Audiotape

In his third ground, Ling asserts his trial counsel rendered ineffective assistance by failing to object to an audiotape that was introduced as evidence at his trial, as the tape was not given to the defense as required by Florida Rule of Criminal Procedure

3.220. ECF No. 9 at 8. Ling raised this ground as the third claim in his Rule 3.850

motion filed in state court. Ex. S at 35-38. The state post-conviction trial court denied

the claim, making the following findings:

## Ground 3

This claim begins on page 5 of the motion filed Jan. 22, 2010. Defendant alleges counsel was ineffective for failing to object to an audio tape introduced into evidence as State's Exhibit #2, which Defendant claims was never produced by the State during discovery. The tape was recorded on Oct. 14, 2004, and contained a conversation between Defendant and the confidential informant in which Defendant discussed a pending drug deal and selected the location. Defendant asserts the State used this evidence to bolster their adversarial position and prove the element of within 1000 feet of a convenience store, causing the jury to find Defendant guilty as charged.

This claim is refuted by the record, which shows that the defense received the tape from the State during discovery, and that defense counsel objected to the tape at Defendant's first trial. Unfortunately, the State's Answer to Demand for Discovery filed Feb. 22, 2006, indicates the defense was provided with "cassette tapes of the transactions," but does not provide the date the tapes were recorded. *Exh. 5 - 2/26/06 Answer to Demand for Discovery*. However, early in the trial during a discussion of the tapes the State intended to present, defense counsel advised the Court that he had received the same tapes from a prosecutor previously assigned to the case, but they were inaudible. *Exh. 6 - 7/30/07 Trial Trans, p. 27*. Defense counsel initially objected to the entry of Exhibit #2 on authentication grounds when the State attempted to enter the tape into evidence during the testimony of Investigator Corbitt. *Exh. 6, pp. 81-84*. Later, during the testimony of Tashia Walker, the confidential informant who was involved in the taped conversation, counsel questioned the witness about the tape, and after she satisfactorily authenticated the tape he withdrew his objection. *Exh. 6, pp. 101-104*. The tape was entered into evidence and published, but was not transcribed due to poor quality. *Exh. 6, p. 104*.

Defendant claims he advised counsel he had never heard of this tape and requested that counsel object to it, but counsel refused. Defendant's own affirmations at the conclusion of the trial are in direct contradiction to this allegation: counsel investigated, prepared and

presented everything to his satisfaction; he was pleased overall with the entire process; he was satisfied with the way counsel tried his case; and there was nothing Defendant asked counsel to do that counsel did not do. *Exh. 6, p. 219*.

Defendant's allegations of prejudice are also without merit. If defense counsel had somehow prevented the admission of the tape into evidence, there is no reasonable likelihood that the outcome of the trial would have been different. Ms. Walker identified Defendant in Court as the person she bought drugs from in the controlled buy, testified at length as to the transaction with Defendant, and described the contents of the tape recording of her telephone conversation with Defendant setting up the buy. *Exh. 6, pp. 100-111*. A different tape recording of the transaction itself was entered into evidence. *Exh. 6, pp. 108-111*. Defense counsel strenuously cross-examined Ms. Walker on all matters involving the controlled buy, including the tapes. *Exh. 6, pp. 112-115*. Several law enforcement officers testified as to the details of the controlled buy. *Exh. 6, pp. 34-85; 130-154*. Inv. Gereg identified Defendant as the person who picked up Ms. Walker in a car in the Vinyl Fever parking lot, drove with her to the Petro station, and then returned her, after which she produced the crack cocaine she purchased. *Exh. 6, pp. 144-47*. The tape did not prove the element of within 1000 feet of a convenience store; the location of the transaction was established by Ms. Walker's testimony. *Exh. 6, pp. 106-111*.

Defendant fails to show deficient performance on the part of counsel, or that he was prejudiced by counsel's alleged failure. Ground 3 is denied.

*Id.* at 63-65. The state court's rulings, affirmed on appeal without opinion, are entitled to

AEDPA deference and are supported by the record. *See* 28 U.S.C. § 2254(d); <u>Cullen</u>,

131 S. Ct. at 1402; <u>Harrington</u>, 131 S. Ct. at 784-85; <u>Wright</u>, 278 F.3d at 1255.

In particular, the record supports the state post-conviction court's finding that

defense counsel had received the tape, which recorded the transaction between Ling

and the confidential informant, from the State during discovery and they were

"completely inaudible." Ex. D at 27. Defense counsel, as the state court found, did

object to the tape on authentication grounds.  Ex. D at 81-82.  When the confidential

informant testified at trial, the prosecutor and defense counsel questioned her about the

tape and, after the tape was authenticated, defense counsel withdrew the objection to

the tape being entered into evidence and published to the jury.  Ex. D at 100-04

(transcript indicates tape was published but not transcribed due to poor quality).  As the

state court also found, Ling's own affirmations on the record at the conclusion of the trial

reflect that he was satisfied with the way defense counsel had tried the case and there

was nothing Ling asked counsel to do that counsel did not do.  Ex. D at 219.  In

addition, as the state court determined, even if defense counsel had pursued the

objection and the tape was somehow excluded, there is no reasonable likelihood the

outcome of the trial would have been different as the confidential informant identified

Ling in court as the individual she bought cocaine from in the controlled buy.  *Id.* at 106-

08.  Several law enforcement officers also testified regarding the controlled buy.  *Id.* at

34-85, 130-54.

The state court did not err in concluding Ling had not shown deficient

performance of counsel or any prejudice by counsel's alleged failure to object.  Ling has

not shown the state court ruling rejecting this claim resulted in a decision that was either

(1) contrary to, or involved an unreasonable application of, clearly established U.S.

Supreme Court precedent, or (2) based on an unreasonable determination of the facts

in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C.

§ 2254(d)(1)-(2).  This ground should be denied.

## <u>Ground 4</u>: Charging Information

In his fourth ground, Ling argues the trial court illegally sentenced him for charges made against him in violation of his state and federal constitutional rights to due process because neither the original nor the amended information charged a crime against him as his name was not listed in the body of each individual count in the information.  ECF No. 9 at 10.  Ling raised this argument in his March 2012 motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) and motion to vacate, set aside, or dismiss.  Ex. JJ at 1-17, 18-21.  In an order rendered August 10, 2012, the state court denied both motions, making the following findings:

> The claim raised in the Motion to Correct Sentence is without merit. Defendant alleges that the Court lacked jurisdiction to try him for the offenses because he was not specifically named in each individual count of the charging document.  To the contrary, the charging document charges Defendant with each offense, following the requirements set forth in Florida Rule of Criminal Procedure 3.140.  Fla. R. Crim. P. 3.140.  In the Amended Information filed Feb. 22, 2006, although Defendant's name does not appear in each separate count, his name appears in the style of the cause and the first paragraph refers to "the above-named defendant" being charged with the offenses, which are then listed separately.  *Exh. 1 - Amended Information*.  Generally, "[a]n information is fundamentally defective only when it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy."  *State v. Burnette*, 881 So. 2d 693, 694-95 (Fla. 1st DCA 2004).  The information in the instant case is not defective, precluding any jurisdictional issue, manifest injustice, fundamental error, or miscarriage of justice, contrary to Defendant's assertions.
>
> In his Motion to Vacate, Set-Aside or Dismiss, Defendant alleges that the Court was without jurisdiction to try him because the information did not charge him with a crime, but does not elaborate as to the manner of the charging deficiency.  Although in this motion Defendant does not specifically state that the basis for the claim is the supposed failure to include his name in each count of the information, he does cite to Florida Rule of Criminal Procedure 3.140(d)(2) (the subsection requiring the

inclusion of the name of the accused in the information) in the body of the
motion, and in a sworn affidavit attached to the motion, he states that as
cited in the Motion to Correct Sentence, the court never obtained
jurisdiction to try him when Rule 3.140(d)(2) was violated. Accordingly,
the Court will interpret the allegation raised in the Motion to Vacate, Set-
Aside or Dismiss as being identical to that raised in the Motion to Correct
Sentence. This claim is denied for the reasons set forth above.

Ex. JJ at 29-30. Ling appealed to the First DCA. That court per curiam affirmed the

case without an opinion on November 29, 2012. Ex. MM; Ling v. State, 103 So. 2d 149

(Fla. 2012). Respondent asserts this ground involves purely a state law issue and lacks

merit. Doc. 15 at 17-19.

A review of the record supports the state court's findings. The record contains

copies the original information and the amended information. Ex. C at 1-3 (original

information), 4-5 (amended information). In particular, the amended information

identifies the Petitioner, Antonio M. Ling, as the Defendant in the case and includes, in

the caption, the Petitioner's name, race and gender, date of birth, and Social Security

number. *See id.* at 4. The amended information charges "the above-named defendant"

with ten counts, including Count V, at issue in this case:

COUNT V: On October 14, 2004, did unlawfully sell, deliver, or possess
with intent to sell or deliver a controlled substance, cocaine, in, on, or
within 1,000 feet of a convenience business as defined in section 812.171,
contrary to Section 893.13(1)(e)1, Florida Statutes.

*Id.* at 5. This information thus identified Ling as the defendant, set forth the charged

crime and essential facts, cited the statutes he allegedly violated, and was not "so

vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the

preparation of a defense or expose the accused after conviction or acquittal to

substantial danger of a new prosecution for the same offense." Fla. R. Crim. P.

3.140(o); *see* Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o)

and explaining that "while a charging instrument is essential to invoke the circuit court's

subject matter jurisdiction, 'defects in charging documents are not always fundamental

where the omitted matter is not essential, where the actual notice provided is sufficient,

and were all the elements of the crime in question are proved at trial'" (quoting State v.

Gray, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Ling asserts the state court erred in any decision

concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state

law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62,

67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional

rights provide no basis for federal habeas corpus relief). "A state's interpretation of its

own laws or rules provides no basis for federal habeas corpus relief, since no question

of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055

(11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir.

1992). *See also, e.g.*, Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The

sufficiency of a state indictment is an issue on federal habeas corpus only if the

indictment was so deficient that the convicting court was deprived of jurisdiction. That is

not the case presented here. An examination of the indictment . . . shows that it

incorporated the elements of the offense of armed robbery, named the complaining

witness and sufficiently described the circumstances of the alleged robbery. The

indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction.").

Based on the foregoing, Ling has not shown the state courts' rulings rejecting his claims resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Ling is not entitled to federal habeas relief.

## Conclusion

Based on the foregoing, Petitioner Antonio M. Ling is not entitled to federal habeas relief. The second amended § 2254 petition (ECF No. 9) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

Case No. 4:12cv649-MW/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Ling's second amended § 2254 petition (ECF No. 9). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2015.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**